IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| Mr. BRANDON FULTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO._____ |
| | ) | |
| FULTON COUNTY BOARD OF | ) | |
| COMMISSIONERS, PAUL L. | ) | **JURY TRIAL DEMANDED** |
| HOWARD, Jr., Esq. (in his | ) | |
| individual capacity), and | ) | |
| Ms. REBECCA GUINN (in her | ) | |
| individual capacity), | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Mr. Brandon Fulton, by and through counsel, and presents this, his Complaint, showing this Honorable Court as follows:

## THE PARTIES

1. Mr. Brandon Fulton respectfully submits himself to the venue and jurisdiction of this Court for the purposes of this action.

1

2. The Fulton County Board of Commissioners resides in the Northern District of Georgia, Atlanta Division and may be served with process at 141 Pryor Street, SW, Atlanta, Georgia.

3. Mr. Howard resides in the Northern District of Georgia, Atlanta Division and may be served with process at 136 Pryor Street, SW, Third Floor, Atlanta, Georgia.

4. Ms. Guinn resides in the Northern District of Georgia, Atlanta Division and may be served with process at 860 Marietta Boulevard, NW, Atlanta, Georgia.

## JURISDICTION

5. This Court has subject matter jurisdiction over the claims in this action arising under the Constitution, laws, or treaties of the United States as conferred by 28 U.S.C. § 1331 and 42 U.S.C. § 1988(a).

6. Upon service, acknowledgement, or waiver of process, this Court has personal jurisdiction over the Fulton County Board of Commissioners.

7. Upon service, acknowledgement, or waiver of process, this Court has personal jurisdiction over the Mr. Howard.

8. Upon service, acknowledgement, or waiver of process, this Court has personal jurisdiction over Ms. Guinn.

## VENUE

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2).

## STATEMENT OF FACTS

10. On April 22, 2017, Fulton County Animal Services officers entered onto Mr. Fulton's property in South Fulton County.

11. That day, the Fulton County Animal Services officers seized the following horses:

| Name: | Breed: | Gender: | Color: |
|---|---|---|---|
| Spinderella | Tobiano | Mare | White, brown, & black |
| Hawaii/Seffron | Quarter horse | Mare | Palomino Gold |
| Jazz/Sage | Quarter horse | Mare | Palomino Gold |
| Lyric/Ginger | Quarter horse | Mare | Chestnut/sorrel |
| Harmony | Quarter horse | Mare | Chestnut/sorrel |
| Tennessee | Tenn. Walker | Mare | Black |
| Exotica | Quarter horse | Mare | Mouse Dun |

12. That day, the animal control officers arrested Mr. Fulton for felony cruelty to animals.

13. On June 20, 2016, the Magistrate Court of Fulton County issued a bond order for Mr. Fulton. Among the conditions of the bond order was that Mr. Fulton "must turn over any animals owned to Fulton County Animal Control [Services]."

14. In compliance with the bond order, the horses remained in the custody of Fulton County Animal Services.

15. On April 5, 2018, the State filed a dismissal of the above charges.

16. Despite the above dismissal, Fulton County Animal Services continues to hold the horses.

17. Despite Mr. Fulton's repeated post-dismissal efforts and requests to return the horses or their equivalent value, Fulton County Animal Services has refused to return the horses or their equivalent value.

18. Upon information and belief, Fulton County Animal Services placed one or more of the horses for adoption and/or sale.

## COUNT I

## TAKING WITHOUT JUST COMPENSATION

### (Fulton County Board of Commissioners)

19. Beginning on May 5, 2018, Fulton County through Fulton County Animal Services, no evidentiary need nor any legal right to retain the horses.

20. By retaining the horses past May 5, 2018, Fulton County has taken the horses or their equivalent value without providing any just compensation in violation of the Fifth Amendment to the United States Constitution.

21. Mr. Fulton brings this action under 42 U.S.C. § 1983 to remedy the above violations.

## COUNT II

## VIOLATION OF PROCEDURAL DUE PROCESS

### (Against Paul L. Howard, Jr., Esq.)

22. At all times after the above dismissal, Mr. Fulton has and continues to have a property interest in the horses.

23. Beginning on May 5, 2018, Mr. Howard had and continues to have a duty under OCGA § 17-5-54(c)(2) to return or to direct to be

returned the horses or their equivalent value to Mr. Fulton as the rightful owner.

24. Mr. Howard's continued failure to return or direct to be returned Mr. Fulton's horses deprived Mr. Fulton of procedural due process as guaranteed by the United States Constitution and other federal law.

25. The duty to return the horses or their equivalent value is a ministerial and non-discretionary duty.

26. Mr. Fulton brings this action under 42 U.S.C. § 1983 to remedy the above violations.

## COUNT III

## VIOLATION OF PROCEDURAL DUE PROCESS

(Against Ms. Rebecca Guinn)

27. Beginning on May 5, 2018, Ms. Rebecca Guinn had an obligation to return or direct to be returned Mr. Fulton's horses or their equivalent value.

28. At all times relevant to this case, Ms. Guinn was the CEO of Lifeline Animal Project, Inc.

29. Since 2013, Lifeline Animal Project, Inc. has been the "managing organization" of Fulton County Animal Services.

30. Despite Mr. Fulton's repeated post-dismissal efforts and requests to return the horses, Ms. Guinn has refused to return the horses or their equivalent value.

31. Ms. Guinn's continued failure to return or direct to be returned Mr. Fulton's horses deprived Mr. Fulton of procedural due process as guaranteed by the United States Constitution and other federal law.

32. The duty to return the horses or their equivalent value is a ministerial and non-discretionary duty.

33. Mr. Fulton brings this action under 42 U.S.C. § 1983 to remedy the above violations.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Brandon Fulton respectfully prays that the following relief is granted:

   a) That service of process be issued by law;

   b) That the above claims be tried to a jury;

   c) That this Court issue a judgment in favor of Mr. Fulton and against Defendants in an amount to fairly compensate Mr. Fulton for his losses, attorney's fees, and court costs; and

d) All further relief that this Court deems just and equitable.

        Respectfully submitted,

        /s/ John C. Edwards
        Georgia Bar No. 241125
        Attorney for Plaintiff
        JOHN EDWARDS LAW GROUP, LLC
        270 East Main Street
        Suite C
        Canton, Georgia 30114
        Telephone: (770) 345-8200
        Email: john@johnedwardslaw.com


        /s/ Konrad Ziegler
        Georgia Bar No. 178342
        Attorneys for Plaintiff
        LEE & ZIEGLER, LLP
        150 North Street
        Suite M
        Canton, Georgia 30114
        Telephone: (678) 871-0501
        Email: kziegler@leeandzieglerlaw.com

## **STATEMENT OF COMPLIANCE**

This is to certify that the foregoing Complaint is formatted in Century Schoolbook 14 pt. in accordance with all requirements of Local Rule 5.1.