**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**BRANDON FULTON,**

**Plaintiff,**

**v.**

**FULTON COUNTY BOARD OF COMMISSIONERS; PAUL L. HOWARD, JR. (in his individual capacity); and REBECCA GUINN (in her individual capacity),**

**Defendants.**

**CIVIL ACTION FILE NO.**

**1:20-CV-01936-SCJ**

# ORDER

This matter appears before the Court on Defendant Fulton County Board of Commissioners' Motion to Dismiss (Doc. No. [18])[1] and Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. [26]).[2] The Court rules as follows.

---

1 All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

2 Defendant Rebecca Guinn also filed a Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6). Doc. No. [24]. Plaintiff has since dismissed his claims against

## I. BACKGROUND

On April 22, 2017, officers for the Fulton County Animal Services ("FCAS") entered Plaintiff's property in South Fulton. Doc. No. [1], p. 3, ¶ 10. The officers arrested Plaintiff for felony cruelty to animals and seized seven horses from his property. Id. at 3, ¶¶ 11–12. In compliance with a bond order for Plaintiff to "turn over any animals owned," FCAS retained custody of the horses. Id. at 4, ¶¶ 13–14. On April 5, 2018, the State of Georgia dismissed the criminal charges against Plaintiff. Id. ¶ 15. However, Plaintiff's horses have yet to be returned to him. Id. ¶¶ 16–17. Plaintiff alleges that FCAS continues to hold his horses and has refused to return the horses or their equivalent value despite his repeated requests to do so. Id.

On May 5, 2020, Plaintiff filed his Complaint, naming as defendants the Fulton County Board of Commissioners (the "Board"); Rebecca Guinn, in her individual capacity; and Paul Howard, in his individual capacity. Doc. No. [1]. All three Defendants were served on August 3, 2020. Doc. Nos. [9]–[11]. On August 24, 2020, the Board filed a Motion to Dismiss for Failure to State a Claim

---

her without prejudice. Doc. Nos. [34]; [35]. Accordingly, this Court finds that Defendant Guinn's Motion to Dismiss (Doc. No. [24]) is moot.

pursuant to Rule 12(b)(6). Doc. No. [18]. In its Motion, the Board argued that it was not an entity capable of being sued under Georgia law. See Doc. No. [18-1], pp. 5–10. It also argued that Plaintiff had failed to state a claim against it under 42 U.S.C. § 1983 and that his claims were barred by the statute of limitations. See id. at 11–15.

On September 18, 2020, Plaintiff filed both a Response in Opposition (Doc. No. [25]) to the Board's Motion and a Motion for Leave to Amend the Complaint (Doc. No. [26]). In his Motion for Leave to Amend, Plaintiff asks for leave to amend his Complaint to substitute Fulton County, Georgia as a Defendant in place of the Board. Doc. No. [26], pp. 1–4. Plaintiff also seeks to add an additional takings claim under the Fifth Amendment as an alternative to Count I of the Complaint. Id. at 4–5. Plaintiff does not, however, seek to add any additional facts to the Complaint. On October 2, 2020, the Board filed a Reply (Doc. No. [31]) in support of its Motion to Dismiss. At the same time, non-party Fulton County, by special appearance, filed an objection (Doc. No. [30]) to Plaintiff's Motion for Leave to Amend. The named Defendants did not respond to Plaintiff's Motion for Leave to Amend ([Doc. No. [26]).

These matters are ripe for review.

## II. LEGAL STANDARD

### A. Leave to Amend the Complaint

Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within (1) twenty-one days after service of the pleading or (2) twenty-one days after service of a motion or responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's written consent or leave of the court to file an amended pleading. Fed. R. Civ. P. 15(a)(2). A "court should freely give leave" to a party to amend pleadings "when justice so requires." Id. A court may deny leave to amend only with substantial reason, such as undue delay, futility, bad faith, or undue prejudice to the opposing party. Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). An amended complaint is futile if the claims, as amended, would be subject to dismissal as a matter of law. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004). A court must justify why it is denying leave to amend, but it is reviewed for abuse of discretion. Smith v. Duff & Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993).

### B. Dismissal for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint has failed to state a claim if the facts as pled do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 555 U.S. 662, 687 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–62, 570 (2007). Labels, conclusions, and formulaic recitations of the elements of the case of action "will not do." Twombly, 550 U.S. at 555. To state a plausible claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556. "[W]hile notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a

recovery under some viable legal theory." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quotations omitted).

### ***1. Municipal Liability***

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983. Doc. No. [1], pp. 5–7. Section 1983 claims allow plaintiffs to vindicate their federal constitutional rights against municipalities, state and local officials, and other defendants who acted under color of state law. See 42 U.S.C. § 1983. To establish municipal liability under § 1983, a plaintiff must show that the "municipality *itself*," through an official policy or practice, "cause[d] the constitutional violation." City of Canton v. Harris, 489 U.S. 379, 385 (1989); Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 694 (1978). Municipal liability cannot be based on theory of *respondeat superior* or vicarious liability. City of Canton, 489 U.S. at 385; Monell, 436 U.S. at 694. In other words, to survive a motion to dismiss, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). To establish a municipal custom or policy, a plaintiff must identify (1) "a widespread practice that . . . is

so permanent and well settled as to as to constitute a custom," (2) an official, written policy or lack thereof, (3) decision by a final policymaker, (4) inadequate training or a failure to train, (5) failure to monitor or supervise, (6) hiring, or (7) a final policymaker's ratification of a subordinate's unconstitutional act. See City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988) (internal quotations omitted) (custom); McKusick v. City of Melbourne, 96 F.3d 478, 483 (11th Cir. 1996) (policy); Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986) (decision by a final policymaker); Connick v. Thompson, 563 U.S. 51, 61 (2011) (failure to train); Greason v. Kemp, 891 F.2d 829, 836–37 (11th Cir. 1990) (failure to monitor); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1313 (11th Cir. 2001) (hiring); Matthews v. Columbia Cty., 294 F.3d 1294, 1297 (11th Cir. 2002) (ratification).

## III. ANALYSIS

Non-party Fulton County argues that Plaintiff's Motion for Leave to Amend should be denied because amendment would both unduly prejudice Fulton County and be futile because Plaintiff's suit is subject to dismissal. Doc. No. [30], p. 2. Fulton County argues Plaintiff's suit is subject to dismissal because it is barred by the statute of limitations. See id. at 2–6. Defendant Board, in its Motion to Dismiss, likewise argues that Plaintiff's claims are time-barred. See

Doc. No. [18-1], pp. 12–15. The Board also raises an argument as to municipal liability. See id. at 11–12. Because it is still early in the litigation, this Court finds there is no undue delay or prejudice in Plaintiff seeking leave to amend his Complaint. However, for reasons discussed below, the Court finds that amendment would be futile as Plaintiff has failed to state a claim for relief against Fulton County. Plaintiff has not alleged any facts showing an official policy or practice of Fulton County that caused his constitutional deprivation.

In his Complaint, Plaintiff alleges that "[d]espite [his] repeated post-dismissal efforts and requests to return the horses or their equivalent value, Fulton County Animal Services has refused to return the horses or their equivalent value." Doc. No. [1], p. 4, ¶ 17. Plaintiff does not point to any written policy that FCAS is using to retain his horses without just compensation. Nor has he alleged any facts that refusal to return property once criminal charges are dismissed is a widespread practice. Plaintiff does not state to whom he made requests for the return of his horses. Presumably, at least some of his requests were directed to FCAS. But it is also possible that Plaintiff made requests to the Board or then-Fulton County District Attorney Paul Howard as he named both as Defendants in this suit. Nor does Plaintiff clarify whether FCAS expressly

denied his requests or simply ignored them. Because Plaintiff has pleaded no facts as to how his requests were refused or from where those refusals came, the Court is unable to infer that Plaintiff's constitutional deprivation is the result of an official policy or practice of Fulton County rather than the independent action of a tortfeasor-employee.[3]

Plaintiff argues that Monell's limitation on municipal liability does not apply to his claim against Fulton County because Monell only applies to constitutional tort claims, and he is asserting a "Fifth Amendment takings claim—not one that sounds in tort." Doc. No. [25], p. 15. But Plaintiff misunderstands what a constitutional tort is. "A constitutional tort is any action for damages for a violation of a constitutional right against a government or individual defendants."[4] Plaintiff appears to recognize the deficiency in his

---

[3] The Court recognizes that at the motion-to-dismiss stage, a plaintiff need not identify by name in his complaint a single final policymaker. See Hoefling v. City of Miami, 811 F.3d 1271, 1280 (11th Cir. 2016). Plaintiff's issue does not lie with his failure to identify the persons who told him "no," but with his failure to allege that the retention of his horses can be traced back to a final policymaker.

[4] T. Hunter Jefferson, Constitutional Wrongs and Common Law Principles: The Case for the Recognition of State Constitutional Tort Actions Against State Governments, 50 Vanderbilt L. Rev. 1525, 1528 n.7 (1997) (quoting Brown v. New York, 674 N.E.2d 1129, 1132 (N.Y. 1986)). "Takings claims, like other constitutional claims brought under § 1983, are characterized as personal injury actions." Wireman v. City of Orange Beach, No. 20-00005-KD-B, 2020 WL 5523403, at *4 (S.D. Ala. May 7, 2020).

argument as, in his Motion for Leave to Amend, he seeks to add an "alternative takings claim under the Fifth Amendment but not under § 1983." Doc. No. [15], p. 14; see Doc. No. [26], pp. 4–5.

However, while a takings claim can be brought directly under the Fifth Amendment, such a claim may only be brought against ***federal*** officers. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 67–68 (2001); Barron v. City of Baltimore, 32 U.S. 243, 250–51 (1833). And "[w]here a statute provides an adequate remedy, [a court] will not imply a judicially created cause of action directly under the Constitution." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1253 n.15 (11th Cir. 2012). Further, "'the principles of [S]ection 1983 law generally apply' to a claim against a municipality . . . based directly on the Constitution." McLaughlin v. City of LaGrange, 662 F.3d 1385, 1388 n.1 (11th Cir. 1981) (quoting Reeves v. City of Jackson, 608 F.2d 644, 649–50 n.2 (5th Cir. 1979)). Thus, Plaintiff's alternative claim under the Fifth Amendment would necessarily be brought under § 1983. As such, he cannot escape Monell's policy-or-practice requirement for municipal liability.

Because Plaintiff's amended complaint would fail to allege facts to support an actionable municipal liability theory, the Court finds that it would be futile to

grant Plaintiff leave to amend his Complaint as requested.[5] Thus, Plaintiff's Motion for Leave to Amend the Complaint (Doc. No. [26]) is due to be denied. As a result, Fulton County, Georgia does not replace the Board as a Defendant. But the Board does not remain a Defendant in this case for long—the municipal liability deficiencies discussed above apply equally to Plaintiff's claim against the Board as stated in the original Complaint (Doc. No. [1]). Thus, the Board's Motion to Dismiss (Doc. No. [18]) is due to be granted.[6] Because Defendant Howard has not yet responded to the Complaint, Plaintiff's claim against him remains.[7]

---

[5] Accordingly, this Court does not address whether an amendment would be proper to correct a misnomer or whether Plaintiff's suit is time-barred.

[6] The Court finds that Plaintiff, by seeking to remove the Board as a Defendant, effectively concedes to the Board's argument that it is not an entity amenable to suit under § 1983 (see Doc. No. [18-1], pp. 5–10). But even if Plaintiff did not intend to concede this point, his claim against the Board still fails because Plaintiff, who has not sued any individual members of the Board in their official or individual capacity, has sued the Board as a municipal body. See Doc. No. [18-1], p. 5. The municipal liability principles discussed above render Plaintiff's claim against the Board subject to dismissal. However, the Court will dismiss the claim against the Board without prejudice because the deficiency stems from Plaintiff's failure to plead sufficient facts to support a claim of municipal liability. See Darnell v. Rivera, No. 615CV999ORL37TBS, 2016 WL 309050, at *6–7 (M.D. Fla. Jan. 26, 2016); Orta v. City of Orlando, No. 6:14-CV-1835-ORL-41, 2015 WL 2365834, at *5–6 (M.D. Fla. May 18, 2015).

[7] As stated above, Plaintiff has chosen to sue Defendant Paul Howard in his individual capacity. The Court does not know why Plaintiff has chosen to forgo an official capacity suit against Defendant Howard or why Plaintiff has not moved to add or substitute the current Fulton County District Attorney as a Party.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint (Doc. No. [26]) and **GRANTS** Defendant Fulton County Board of Commissioners' Motion to Dismiss (Doc. No. [18]). Count I of Plaintiff's Complaint (Doc. No. [1], p. 5) is **DISMISSED without prejudice**. The Court **DIRECTS** the Clerk to terminate the Fulton County Board of Commissioners as a party. Furthermore, Defendant Rebecca Guinn's Motion to Dismiss (Doc. No. [24]) is **DENIED as moot**. Count III of Plaintiff's Complaint (Doc. No. [1], pp. 6–7) is **DISMISSED without prejudice**.

**IT IS SO ORDERED** this 24th day of February, 2021.

s/Steve C. Jones
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**