**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**BRANDON FULTON,**

**Plaintiff,**

**v.**

**PAUL L. HOWARD, JR.,** ***in his individual capacity,***

**Defendant.**

**CIVIL ACTION FILE**

**No. 1:20-CV-01936-SCJ**

**ORDER**

This matter appears before the Court on the Motion to Dismiss (Doc. No. [47])[1] filed by Defendant Paul Howard ("Howard")[2] and the Second Motion for Leave to Amend the Complaint (Doc. No. [51]) filed by Plaintiff. Response and

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Plaintiff does not state this fact in the Complaint, but the Court *sua sponte* takes judicial notice of the fact that Howard was previously the District Attorney of Fulton County, Georgia. See Anderson v. Rohrer, 3 F. Supp. 367, 367 (S.D. Fla. 1933) (taking judicial notice of the fact that the defendant had served as the acting district attorney for all dates in question in the action); see also Harmon v. White, No. 3:15-CV-0722, 2015 WL 4771661, at *1 (M.D. Tenn. Aug. 12, 2015) (taking judicial notice of the fact that the defendant was an assistant district attorney and was being sued related to that capacity).

reply briefs have been filed. Doc. Nos. [50]; [53]; [54]. These matters are ripe for review, and the Court rules as follows.

## I. BACKGROUND

In this action, Plaintiff sued Howard in his individual capacity, along with other Defendants, for allegedly seizing Plaintiff's horses without due process. Doc. No. [1].[3] After this Court declined to enter default judgment against Howard (Doc. No. [46]), Howard moved to dismiss the claims against him (Doc. No. [47]). On the same day that Plaintiff responded to Howard's Motion to Dismiss (Doc. No. [50]), Plaintiff also moved to amend his Complaint to add an "alternative" claim for violation of his procedural due process rights (Doc. No. [51]). Response and reply briefs as to both motions have been filed. Doc. Nos. [50]; [53]; [54]. Because Plaintiff's Motion to Amend seeks to add an alternative claim and not additional facts, the Court will now discuss the relevant facts as alleged in the Complaint.

On April 22, 2017, Fulton County Animal Services ("FCAS") officers entered Plaintiff's property, seized seven of Plaintiff's horses, and arrested

[3] The other Defendants originally named in this lawsuit have since been dismissed. Doc. Nos. [35]; [39].

Plaintiff for felony cruelty to animals. Doc. No. [1], ¶¶ 10–12. The Magistrate Court of Fulton County issued a bond order for Plaintiff, which included a condition that Plaintiff "turn over any animals [that Plaintiff] owned to" FCAS. Id. ¶ 13. As a result of this bond order, Plaintiff's seized horses remained in the custody of FCAS. Id. ¶ 14.

On April 5, 2018, the State dismissed the charges against Plaintiff. Id. ¶ 15. Although those charges have been dismissed, FCAS has not returned the horses to Plaintiff. See id. ¶ 16. Since the dismissal of the charges against him, Plaintiff has attempted to have the horses—or their equivalent value—returned to him, but FCAS has refused his requests. Id. ¶ 17.

After the dismissal of the other Defendants in this action, the only claim that remains is a procedural due process claim against Howard. Doc. No. [1], ¶¶ 22–26.[4] Plaintiff asserts that he "has and continues to have a property interest

---

[4] In addition to bringing the procedural due process claim as stated in the Complaint (Doc. No. [1], ¶¶ 22–26), Plaintiff has moved to amend his Complaint to add "an additional alterative" procedural due process claim against Howard (Doc. No. [51]). The alternative claim resembles the claim in the Complaint; it differs only in that it proposes to add certain case citations and appears to remove the last two paragraphs of the Count as currently stated in the Complaint. Because the Court's decision as to whether to allow this amended, alternative claim ultimately is decided on the futility standard—which is akin to the motion-to-dismiss standard—the Court will describe the Complaint's and proposed alternative claims together for purposes of this background section.

in the horses." Id. ¶ 22. Plaintiff contends that since the dismissal of the criminal charges against him, Howard had and continues to have a duty under O.C.G.A. § 17-5-54(c)(2) and caselaw to return or direct to be returned the horses or their equivalent value to Plaintiff. Id. ¶ 23; Doc. No. [51], ¶ 35. Plaintiff alleges that Howard's duty to return the horses or their equivalent value is a ministerial, non-discretionary duty under Georgia law. See Doc. No. [1], ¶ 25. Plaintiff contends that Howard's failure to return or direct to be returned Plaintiff's horses has deprived Plaintiff of "procedural due process as guaranteed by the United States Constitution and other federal law." Id. ¶ 24. With this lawsuit, Plaintiff brings a claim against Howard under 42 U.S.C. § 1983 to remedy the alleged violation of Plaintiff's procedural due process rights. Id. ¶ 26.

The Court will discuss the Parties' legal arguments in greater detail below. Having carefully considered those arguments, the Court now rules as follows.

## II. LEGAL STANDARDS

### A. Dismissal for Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint has failed to state a claim if the facts

as pled do not state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 555 U.S. 662, 687 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–62, 570 (2007). Labels, conclusions, and formulaic recitations of the elements of the case of action "will not do." Twombly, 550 U.S. at 555. To state a plausible claim, a plaintiff need only plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556. "[W]hile notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quotations omitted).

**B. Leave to Amend the Complaint**

Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within (1) twenty-one days after service of the pleading

or (2) twenty-one days after service of a motion or responsive pleading. Fed. R. Civ. P. 15(a)(1). Otherwise, a party must obtain the opposing party's written consent or leave of the court to file an amended pleading. Fed. R. Civ. P. 15(a)(2). A "court should freely give leave" to a party to amend pleadings "when justice so requires." Id. A court may deny leave to amend only with substantial reason, such as undue delay, futility, bad faith, or undue prejudice to the opposing party. Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). An amended complaint is futile if the claims, as amended, would be subject to dismissal as a matter of law. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004). A court must justify why it is denying leave to amend, but it is reviewed for abuse of discretion. Smith v. Duff & Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993).

## III. ANALYSIS

Howard moves to dismiss the Complaint and opposes Plaintiff's motion to amend under several arguments. The Court now discusses each in turn.

### A. Plaintiff Does Not Attribute Relevant Acts to Howard

First, Howard argues that Plaintiff fails to state a claim against him because the factual allegations in the Complaint do not state that Howard committed any

act, let alone any act that could give rise to liability. Doc. No. [47], 5–7. Howard points out that the party that allegedly took Plaintiff's horses was the FCAS, not Howard. Id. at 6. Moreover, Howard argues that Plaintiff's attempt to set out a procedural due process claim against Howard "relies solely on conclusory legal statements without factual support." Id. Further, Howard contends that the legal authority Plaintiff cites in his claim does not actually support his claim. Id. For instance, Howard argues that O.C.G.A. § 17-5-54 applies not to district attorneys but instead to law enforcement agencies. See id. Otherwise, Howard argues, the claim against him relies on conclusory legal statements that fail to provide factual support sufficient to show that Howard deprived Plaintiff of his procedural due process rights. See id. at 7–8.

Plaintiff does not directly respond to this argument. See Doc. No. [50]. Rather, Plaintiff provides further facts beyond those alleged in his Complaint, attaches several exhibits to his response filing to support those facts, and doubles down on his legal arguments that Georgia law makes Howard liable for the post-prosecution return of Plaintiff's horses. See id. In reply, Howard reiterates that the Complaint "fails to allege that Howard did anything wrong or was in any way responsible for the seizure of Plaintiff's property." Doc. No. [53], 1. Howard

emphasizes that the only act of his that is inferable from the Complaint is the decision made by his office not to prosecute Plaintiff for animal cruelty. Id. Howard argues that the lack of facts connecting Howard to the seizure, custody, or disposition of the horses renders Plaintiff's claim against him subject to dismissal. See id. at 1–2.

First, the Court will not consider the additional facts that Plaintiff provides in his response filing, whether through argument or attachments. The Court's review and consideration of this motion to dismiss is "limited to the four corners of the complaint." St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002). Thus, the Court cannot consider additional facts that are stated in a response to a motion to dismiss that were not alleged in the complaint. Heghmann v. Bank of Am., No. 19-22167-CIV, 2019 WL 5597753, at *2 (S.D. Fla. Oct. 30, 2019) (citations omitted); Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc., 904 F. Supp. 2d 1260, 1272 n.13 (M.D. Fla. 2012) ("As Defendant argues, Plaintiff cannot add facts bolstering its allegations within its Response to a Motion to Dismiss that are not contained in its Complaint . . . ."); see also McNeal v. Genpak, LLC, No. 2:20-CV-197-WKW, 2021 WL 881258, at *1 n.1 (M.D. Ala. Mar. 9, 2021) (finding that a plaintiff "failed to plead in her complaint enough details for the

case to go forward" and further stating that "[a]dding facts in a response to a motion to dismiss is not the same as pleading those facts in a complaint").[5]

Next, the Court agrees that Plaintiff fails to plead facts sufficient to state a claim against Howard. When a plaintiff does not allege facts that connect the named defendant to the allegations supporting a claim, that claim fails. See Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (finding a complaint cannot state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation"). Here, Plaintiff's allegations as to what Howard did are sparse. Plaintiff does not allege that Howard committed any act in relation to the seizure, custody, or disposition of Plaintiff's horses. The Complaint offers only legal conclusions about Howard's duties under Georgia

---

[5] The Eleventh Circuit has indicated that in certain situations, the district court should allow a plaintiff to amend his complaint if the plaintiff's response to a motion to dismiss adds important facts that were not present in the complaint. Turks v. Bank of Am., 742 F. App'x 470, 474 (11th Cir. 2018). But that case involved a *pro se* plaintiff whose additional facts tended to indicate she would have properly plead her claims had she been allowed to amend her complaint. Here, however, not only is Plaintiff represented by counsel, he has also moved to amend his pleading without adding the factual content he provides in his response to the Motion to Dismiss. Moreover, as Howard argues, some of Plaintiff's additional evidence may not properly be the subject of consideration due to potential hearsay issues. See Doc. No. [53], 3 n.2. Finally, the Court finds that the additional facts that Plaintiff provides likely would not allow him to properly plead a claim against Howard. Under these circumstances, the Court finds it need not *sua sponte* give Plaintiff another chance to amend his pleading.

law with respect to the disposition of property the State obtains through civil forfeiture proceedings. As to Howard's argument that the factual content in the Complaint is insufficient to carry Plaintiff's claim against Howard, the Court must agree. The Complaint simply lacks allegations connecting Howard to any unlawful acts, and Plaintiff's legal conclusions are not enough to state a claim against him. See Gavigan v. Celebrity Cruises, Inc., 843 F. Supp. 2d 1254, 1261 (S.D. Fla. 2011) (determining that a plaintiff's legal conclusions were insufficient to support a claim).[6] Thus, the Court finds that Plaintiff fails to state a claim against Howard. In the interest of fully addressing Howard's arguments, however, the Court will continue its analysis below.

---

[6] Furthermore, Plaintiff seemingly seeks to amend the Complaint only to add citations to caselaw. See Doc. No. [51], 2. Legal argument and citations to legal authority—especially caselaw—are typically best reserved for motions practice and are improper to place in a pleading. See Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013) (stating that a litigant's "paragraphs of legal argument, quotations, and citations . . . ha[d] no place in a complaint"); Newton v. Gates, No. 1:08-CV-2321-WSD, 2009 WL 541373, at *1 n.5 (N.D. Ga. Mar. 4, 2009) (stating that an amended complaint "improperly contain[ed] legal argument [and] citation to authority"). Here, the narrow citations to caselaw—confined to one paragraph—likely would not have rendered an entire complaint subject to dismissal. But Plaintiff's proposed amendment to his Complaint appears aimed solely at adding to his claim against Howard the case citations he provides. Because the narrow scope of his proposed amendment—adding caselaw citations—would run afoul of the authority the Court cites above, the Court finds that the Motion to Amend is due to be denied.

### B. Plaintiff Has Not Alleged a Procedural Due Process Violation in Either the Complaint or the Proposed Alternative Claim

Next, Howard argues that Plaintiff fails to state a procedural due process claim against him under 42 U.S.C. § 1983 because Plaintiff fails to allege (1) that Howard committed any state action related to Plaintiff's deprivation of property, (2) constitutionally inadequate process attributable to Howard, or (3) pursuit of other procedures or remedies to get his horses back. Doc. No. [47], 7–9.

Plaintiff responds that under O.C.G.A. § 17-5-54(c)(2), Howard owed and continues to owe a duty to return the property of a defendant after a prosecution has ended. Doc. No. [50], 7. That statute concerns the disposition of personal property in the custody of law enforcement agencies. See O.C.G.A. § 17-5-54(c)(1) ("[W]hen a law enforcement agency assumes custody of any personal property which is the subject of a crime or has been abandoned, a disposition of such property shall be made in accordance with the provisions of this Code section."). The provision that Plaintiff cites reads in relevant part as follows: "When a final verdict and judgment is entered finding a defendant guilty of the commission of a crime, any personal property used as evidence in the trial shall be returned to the rightful owner of the property within 30 days following the final judgment."

O.C.G.A. § 17-5-54(c)(2).[7] The statute defines "law enforcement agency" as "a law enforcement agency of this state or a political subdivision of this state, including the Department of Natural Resources." Id. § 17-5-54(a)(3).

Plaintiff argues that under a broad reading of O.C.G.A. § 17-5-54, Howard, in his role as a district attorney, should be considered a law enforcement agency that owes duties to dispose of personal property under the statute. Doc. No. [50], 8–14. Plaintiff observes that the statute circularly defines "law enforcement agency" in a way that does not explicitly exclude district attorneys. Id. at 10. Plaintiff further notes that district attorneys are involved in the law enforcement process, including the use of property as evidence. See id. at 10–11, 13–14. And Plaintiff argues that because O.C.G.A. § 17-5-54 is a remedial statute that should be liberally construed to carry out its purpose of protecting deeply rooted property interests and rights, the Court should deem district attorneys such as Howard to fall within the statute's definition of "law enforcement agency." See

[7] Notably, the next subsection of the statute appears to concern the disposition of personal property belonging to individuals other than defendants found guilty of the commission of a crime: "***Any* person** claiming to be a rightful owner of property shall make an application to the entity holding his or her property and shall furnish satisfactory proof of ownership of such property and present personal identification." O.C.G.A. § 17-5-54(c)(3) (emphasis added).

id. at 11–12. Further, Plaintiff contends that he has complied with notice requirements under O.C.G.A. § 17-5-54(c). Id. at 14.

Next, Plaintiff argues that even if O.C.G.A. § 17-5-54(c)(2) applies only to criminal defendants who are found guilty of a crime—which Plaintiff disputes—Georgia caselaw makes clear that a criminal defendant has a right to the return of his property after a prosecution ends. Id. at 14–17. In sum, Plaintiff argue that Howard's failure to comply with his alleged obligations under O.C.G.A. § 17-5-54 amounts to a deprivation of Plaintiff's property interest without procedural due process. Id. at 8.

In reply, Howard argues that Plaintiff's procedural due process claim fails because the Complaint does not "allege that Howard did anything wrong or was in any way responsible for the seizure of Plaintiff's property." Doc. No. [53], 1. He contends that the only act attributable to him is his office's decision not to prosecute Plaintiff. Id. Because the Complaint does not allege that he played any role in seizing, having custody of, or disposing of the property, Howard argues that the due process claim against him cannot be sustained. See id. at 1–2. Also, Howard argues that Plaintiff's reliance on O.C.G.A. § 17-5-54(c)(2) is misplaced because: (1) his position as a district attorney did not qualify him as a "law

enforcement agency," which would make that statute inapplicable to Howard; (2) there was no final judgment of guilt against Plaintiff, which renders the cited subsection inapplicable to Plaintiff[8]; and (3) Plaintiff does not allege how the statute empowered Howard to dispose of or in any way control the property at issue. See id. at 2–4. For these same reasons, Howard argues that Plaintiff's Motion to Amend—which adds no facts to support the procedural due process claim—is due to be denied. Doc. No. [54].

First, the Court's findings as to the Complaint's factual deficiencies control here. The Court must look to the Complaint for factual allegations to support the claim, and the allegations relating to Howard do not support a procedural due process claim against him. Plaintiff alleges only a legal conclusion that Howard had and has a duty under state law to return Plaintiff's horses and that he failed to comply with that duty. Plaintiff alleges no facts showing or even tending to indicate that Howard was involved in the seizure, custody, or disposition of Plaintiff's horses. No factual allegations connect Howard to the FCAS and its acts of seizing Plaintiff's horses. This lack of supporting facts is fatal to Plaintiff's

[8] Howard notes that O.C.G.A. § 17-5-54(c)(3), which allows for non-prosecuted persons to recover property, more likely applies to Plaintiff. Doc. No. [53], 3.

claim against Howard. Moreover, because the alternative claim in the proposed amendment adds no facts and instead adds only case citations, the Court finds that the proposed amendment is similarly futile.

Second, the Court finds that O.C.G.A. § 17-5-54(c)(2) does not apply. First, as Howard argues, this subsection expressly states that it applies only to those individuals who have been found guilty of a crime. Plaintiff was not found guilty of a crime—Howard's office chose not to pursue the charges against him. Thus, Plaintiff does not fall within the scope of the subsection he cites. And he fails to persuade the Court that the subsection should be read to apply to all criminal defendants regardless of guilt. As Howard argues, the very next subsection in the statute—O.C.G.A. § 17-5-54(c)(3)—applies to all other individuals, which would logically include onetime defendants who are no longer being charged with a crime. Thus, the Court agrees with Howard that the statutory text Plaintiff cites does not apply.[9] For these reasons, the Court finds that Plaintiff's claim fails.

---

[9] Additionally, even if the Court were to consider Plaintiff's claim as one made under O.C.G.A. § 17-5-54(c)(3), the Court doubts that Howard is a "law enforcement agency" under the statute. That statute contemplates law enforcement agencies that assume custody of personal property in a way that would position them to later dispose of that property. Under the present set of facts, FCAS took possession of the horses and likely would have been the agency capable of disposing of the horses. Moreover, Plaintiff has

### C. Howard Enjoys Prosecutorial Immunity for Any Inferable Acts

Howard also argues that even if Plaintiff were to have made sufficient factual allegations to state a procedural due process claim, Howard enjoys absolute prosecutorial immunity because any relevant act he committed relates to his prosecutorial duties. Doc. No. [47], 9–11. In response, Plaintiff argues that prosecutorial immunity does not apply. Doc. No. [50], 18–20. Plaintiff argues that his claims concern Howard's "administrative" role in having Plaintiff's property returned, not the judicially related functions of initiating and presenting a prosecution to which absolute prosecutorial immunity typically attaches. Id. In reply, Howard argues that the Complaint does not allege any acts that Howard took outside of his prosecutorial function, and thus the factual assumptions and legal arguments that Plaintiff makes in his response brief are without basis and unpersuasive. See Doc. No. [53], 4–6. Moreover, Howard argues that the only alleged facts that could lead to a basis for liability would be the decision not to

---

cited no caselaw directly supporting the argument that a district attorney's office should be considered a law enforcement agency in this context. The Court's ruling rests on the reasoning provided above, but this gap in Plaintiff's argument only further distances Howard from the procedural due process violations alleged in this action.

prosecute Plaintiff, which falls squarely within the realm of acts protected by prosecutorial immunity. Id. at 5–6.

A public official sued in his individual capacity may, under certain circumstances, enjoy absolute immunity. See Jones v. Cannon, 174 F.3d 1271, 1280–83 (11th Cir. 1999). Absolute immunity completely protects the defendant from being subject to certain lawsuits. See Elder v. Athens-Clarke Cnty., Ga. Through O'Looney, 54 F.3d 694, 695 (11th Cir. 1995) (stating that a prosecutor is immune from a § 1983 action for certain prosecutorial conduct). A prosecutor enjoys absolute immunity from allegations stemming from a wide range of prosecutorial actions, including his function as an advocate. Jones, 174 F.3d at 1281; Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002).[10] Typically, courts follow a functional approach in determining whether absolute immunity applies, looking more to the nature of the defendant's actions in relation to his role and not simply at the title of his role. See Rehberg v. Paulk,

[10] Courts have found prosecutorial immunity to protect actions such as initiating and pursuing criminal prosecution, preparing an application for a warrant with allegedly fabricated evidence, appearances in judicial proceedings, and allegedly proffering false testimony. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Rehberg v. Paulk, 611 F.3d 828, 840 (11th Cir. 2010); Rowe, 279 F.3d at 1280; Fullman v. Graddick, 739 F.2d 553, 559 (11th Cir. 1984).

611 F.3d 828, 837 (11th Cir. 2010). A § 1983 lawsuit is subject to dismissal if the defendant enjoys an absolute immunity that would prevent the claim from proceeding. Rivera v. Leal, 359 F.3d 1350, 1355 (11th Cir. 2004); Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999).

The Court finds that Plaintiff's Complaint does not allege enough facts to show that Howard had an administrative, non-prosecutorial role in the seizure, custody, and disposition of Plaintiff's horses. As a result, Plaintiff does not allege any facts that would allow the Court to find that Howard acted outside of his prosecutorial, judicially related role. Instead, the Complaint allows the Court to infer only that Howard's office dismissed the criminal charges against Plaintiff. See Doc. No. [1], ¶ 15. The dismissal of a criminal charge falls squarely within the scope of Howard's role as a prosecutor. As such, the Court finds that the Complaint does not allege any acts of Howard that fall outside his prosecutorial role. Instead, it alleges only an act that falls within that role. Thus, to the extent that alleged act supports Plaintiff's claim, the Court finds that Howard enjoys prosecutorial immunity.[11]

---

[11] Because the Court finds that prosecutorial immunity applies to the conduct of Howard that is alleged in the Complaint, the Court declines to analyze the Parties'

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Howard's Motion to Dismiss (Doc. No. [47]) and **DENIES** Plaintiff's Second Motion for Leave to Amend the Complaint (Doc. No. [51]). Plaintiff's Complaint is **DISMISSED** with prejudice. The Court **DIRECTS** the Clerk to close this case.

**IT IS SO ORDERED** this 10th day of May, 2022.

Steve C. Jones

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

---

arguments concerning qualified immunity.